UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIS RUBEN AUGUSTUS HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT GUERRERO, et al.,<br><br>    Defendants. | No. 1:24-cv-01237 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE OBEY A COURT ORDER<br><br>(ECF No. 8)<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, EITHER HIS FILING OF A NON-PRISONER IN FORMA PAUPERIS APPLICATION OR THE PAYMENT OF THE FILING FEES IN FULL DUE IN SEVEN DAYS |

      Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey a court order. As an alternative to filing the showing of cause, Plaintiff may file a completed non-prisoner in forma pauperis application, or he may pay the filing fees in full. Plaintiff shall have seven days to take one of these courses of action.

      I.     <u>RELEVANT BACKGROUND</u>

      On February 4, 2025, a notice of change of address filed by Plaintiff was docketed. <u>See</u>

1  ECF No. 7. In it, the new address provided by Plaintiff appeared to be a residential address

2  indicating that Plaintiff was no longer incarcerated. See id. Based on this, on February 5, 2025

3  Plaintiff was ordered to file a non-prisoner in forma pauperis application. See ECF No. 8. He

4  was given thirty days to complete the form and return it to the Court. Id.

5  More than thirty days have passed and Plaintiff has not responded to the Court's order, no

6  has he requested an extension of time to do so, either.

7  II.     DISCUSSION

8  Upon release from prison, a former inmate must be allowed to apply to proceed under

9  general in forma pauperis provisions of 28 U.S.C. § 1915(a)(1). See DeBlasio v. Gilmore, 315

10 F.3d 396, 399 (4th Cir. 2003); In re Prison Litigation Reform Act, 105 F.3d 1131, 1139 (6th Cir.

11 1997) (upon release, obligation to pay remainder of fees to be determined solely on question of

12 whether individual qualifies for pauper status). A released prisoner may proceed in forma

13 pauperis upon satisfying the poverty provisions applicable to non-prisoners. McGann v. Comm'r,

14 Soc. Sec. Admin., 96 F.3d 29, 30 (2d Cir. 1996).

15 Because Plaintiff has neither provided a non-prisoner in forma application to the Court,

16 nor has he paid the filing fee in full, this matter may not proceed any further. As a result, Plaintiff

17 will be ordered to show cause why this case should not be dismissed for failure to obey a court

18 order. As an alternative to filing the showing of cause, Plaintiff may either pay the filing fees in

19 full, or he may complete and file a non-prisoner in forma application. Plaintiff will be given

20 seven days to take either course of action.

21 Accordingly, IT IS HEREBY ORDERED that:

22 1. The Clerk of Court shall send Plaintiff another copy of the Court's application to

23 proceed in forma pauperis for a non-prisoner;

24 2. Plaintiff is ordered to SHOW CAUSE why this matter should not be dismissed for

25 failure to obey a court order. See ECF No. 8;

26 3. As an ALTERNATIVE to filing the showing of cause, Plaintiff may either pay the

27 filing fees in full, or he may complete and file a non-prisoner in forma pauperis application, and

28 4. Plaintiff shall have seven days to take one of these courses of action.

IT IS SO ORDERED.

Dated:   **March 20, 2025**                         **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE